UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS D. BRACKEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON MEDICAL DEPARTMENT, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. C17-736 RAJ-BAT<br><br>**PRETRIAL SCHEDULING ORDER** |

Defendant has filed an Answer to plaintiff Travis D. Bracken's pro se Complaint. The Court therefore **ORDERS**:

## DISCOVERY

Discovery is the process by which one party asks another party to provide relevant information about the case. A party need not file discovery requests or discovery materials with the court unless the party is moving to compel, seeking a protective order, or is otherwise supporting a motion. A party seeking discovery must serve a discovery request on the other party. There are several ways to ask for discovery including: depositions in which one party asks another person questions about the lawsuit; interrogatories in which written questions are served on another party; and requests for production in which a written request to provide documents

PRETRIAL SCHEDULING ORDER - 1

relevant to the lawsuit is served on another party.  *See* Rules 30, 33 and 34 of the Federal Rules of Civil Procedure.

All discovery in this case must be completed by **November 8, 2017**.  This includes serving responses to interrogatory questions and requests for production, and the completion of all depositions.  Responses to interrogatory questions and requests for production must be served not later than **30 days** after service of the discovery requests.  The serving party, therefore, must serve his/her discovery requests by **October 9, 2017** so that the responding party can answer by the discovery cut-off.  *See* Rules 33(b) and 34(b)(2) of the Federal Rules of Civil Procedure.

**MOTIONS**

A motion is a formal request that asks the Court to take certain action.  All argument in support of the motion must be set forth in the motion itself and not in a separate document.  *See* Local Rule CR 7(b)(1).  Each motion, together with a proposed order, **must** be served on the opposing party so that the opposing party has an opportunity to respond.  In addition, **each motion must state in its caption, right below the motion's title, a noting date.  The noting date is the date the Court will review your motion.**

- Note the following motions for **the day they are filed**: (1) stipulated or agreed motions; (2)  motions to file over-length motions or briefs; (3) motions for reconsideration; (4) joint submissions pursuant to the optional procedure established in CR 37(a)(1)(B); (5) motions for default and default judgment; and (6) ex parte motions.

- Note all other non-dispositive motions for the **third Friday** after filing and service of the motion.

- Note all dispositive motions (dismissal and summary judgment) and motions for preliminary injunction for the **fourth Friday** after filing and service of the motion.  *See* Local Rule CR 7(d) for complete rules on noting dates.

PRETRIAL SCHEDULING ORDER - 2

Any dispositive motion shall be filed and served on or before **December 8, 2017**.  If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (emphasis added).  Furthermore, Local Rule CR 7(b)(2) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

**Defendants MUST serve *Rand* and *Wyatt* notices concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions.** *Woods v. Carey*, 684 F3.d 934, 942 (9th Cir. 2012).  **The Ninth Circuit's model language for such notices is noted above.  Defendants who do not file and serve, in a separate document,**

PRETRIAL SCHEDULING ORDER - 3

**the required *Rand* and *Wyatt* notices may face (a) immediate striking of their motions with leave to refile and (b) possible monetary sanctions.**

## JOINT PRETRIAL STATEMENT

A Joint Pretrial Statement deadline will be established at a later date, pending the outcome of any motions for dismissal or summary judgment.

## PROOF OF SERVICE AND SANCTIONS

All motions, pretrial statements, and other filings must be accompanied by proof that such documents were served upon the opposing party's lawyer or upon any party acting pro se. The proof must show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court.

Failure to comply with the provisions of this Order can result in dismissal of the case or other appropriate sanctions. The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

DATED this 8th day of August, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge