UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS D. BRACKEN,<br><br>              Plaintiff,<br><br>   v.<br><br>STATE WASHINGTON DOC MEDICAL,<br><br>              Defendant, | CASE NO. C17-736 RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is defendants' motion to dismiss and to compel discovery. Dkt. 16. Mr. Bracken who is not currently a prisoner has not responded to the motion, or communicated with the Court in any other way. Accordingly, for the reasons below, the Court recommends defendants' motion, Dkt. 16, be **GRANTED** and the case be **DISMISSED** without prejudice.

**BACKGROUND**

On May 10, 2017, Mr. Bracken who was then a prisoner of the State of Washington filed a pro se complaint under 42 U.S.C. § 1983. Dkt. 1. On May 25, 2017, Mr. Bracken filed a letter updating his address to 12402 Admiralty Way. Apt. D-106, Everett, WA 98204. Dkt. 9. On October 19, 2017 defendants filed a motion to dismiss contending it mailed discovery requests to Mr. Bracken using his updated address on August 30, 2017, but the requests were returned on September 25, 2017, as "unclaimed." Dkt. 16, 17. Defendant further contends it sent Mr.

REPORT AND RECOMMENDATION - 1

Bracken a certified letter on October 5, 2017, requesting he answer the interrogatories and contact defendant for a Rule 37 conference, but that he failed to respond to the letter. *Id.* Defendant also contends the October 5, 2017, letter was returned as "not deliverable, unable to forward." Dkt. 19 at 1. Given these events, defendant argues the Court should order Mr. Bracken to respond to its discovery requests by November 13, 2017, and should dismiss the case because "it appears that the address [Mr. Bracken] provided to the Court and opposing counsel is no longer a valid address." Dkt. 16 at 2.

## DISCUSSION

Mr. Bracken's unresponsiveness to defendants' attempts raises two separate but intertwined questions. First, should the Court dismiss the case because Mr. Bracken failed to apprise the Court and opposing counsel that he has had a change of address? Under Local Civil Rule ("LCR") 10(f) Mr. Bracken must notify the Court of any address change within 10 days of the change. LCR 41(b)(2) further provides:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

Here, Mr. Bracken notified the Court in May 2017 of a change of address which indicates he is aware of the requirements of LCR 41(b)(2). Defendants' August 30, 2017 discovery request was returned as "unclaimed" and defendants' October 5, 2017, letter was returned as undeliverable. As such, there is a sufficient basis for the Court to conclude Mr. Bracken has changed his address and failed to notify the Court or defendants.

REPORT AND RECOMMENDATION - 2

Given the conduct defendants allege, the Court may also consider whether the case should be dismissed for lack of prosecution. The district court has the inherent power to dismiss a case for lack of prosecution. *Kriege v. State of Hawai'i Consumer Protection Division*, No. 16-324, 2017 WL 2703771 at * 2 (D. HI. June 2, 2017) citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). In determining whether to dismiss an action for lack of prosecution, the Court weighs several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, Mr. Bracken's failure to communicate diminishes the public interest in expeditious resolution and the court's need to manage its docket. He is required to update his address. If he has moved without advising anyone, his case should be dismissed under LRC 41(b)(2). If Mr. Bracken has not moved and is disregarding defendants' discovery requests and request to confer on the matter, he is preventing the case from going forward in any meaningful way. A plaintiff cannot sue a defendant and refuse to provide discovery to the defendant, thereby leaving the defendant in the dark and unable to mount a defense. This of course prejudices the defendant, and prevents the court from managing its docket, or resolving the case.

The Court has considered whether less drastic sanctions are available and concludes there are none. Defendant has twice attempted to communicate with Mr. Bracken without success. Defendant has sought discovery without any response. Defendant has moved to dismiss and Mr. Bracken has not responded. Mr. Bracken might have reasons for his lack of prosecution but the Court cannot ascertain what they might be due to his lack of communication. The Court deems it

inappropriate to hold a case in suspended animation just because it does not know, through the plaintiff's lack of communication, why plaintiff is not properly prosecuting his lawsuit.

In sum, having weighed the five factors regarding whether to dismiss, the court concludes that it is also appropriate to dismiss the case for lack of prosecution. Because a dismissal would moot defendants' request to compel discovery, the Court need not address that request at length, other than to recommend that if Mr. Bracken objects to the Report and Recommendation, and if the Court does not dismiss the action, the Court should grant defendants' discovery request and require Mr. Bracken to provide responses to the requests no later than two weeks following the District Court's order regarding this report and recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **November 23, 2017.** The Clerk should note the matter for **November 24, 2017**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 9th day of November, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4

REPORT AND RECOMMENDATION - 5